Submitted May 1, reversed and remanded June 17, 2020

In the Matter of O. O.,
a Child.

DEPARTMENT OF HUMAN SERVICES,
*Petitioner-Respondent,*

*v.*

A. O.,
aka A. A. O.,
*Appellant.*

Multnomah County Circuit Court
15JU05231, 16JU04951;
Petition Numbers 111352, 111819;
A173159

464 P3d 1151

Xiomara Y. Torres, Judge.

G. Aron Perez-Selsky filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Inge D. Wells, Assistant Attorney General, filed the brief for respondent.

Before Lagesen, Presiding Judge, and James, Judge, and Kamins, Judge.

PER CURIAM

Reversed and remanded.

## PER CURIAM

Mother appeals a permanency judgment that changed the permanency plan for her daughter O from reunification to guardianship. The juvenile court changed the plan at a permanency hearing at which no party requested a plan change, and at which no party introduced evidence that would support a plan change. On appeal, mother contends that the court plainly erred by doing so, both as a matter of procedure and because the record contains no evidence demonstrating that a plan change is warranted. The Department of Human Services agrees with mother that, at a minimum, the judgment must be reversed because there is no evidence to support a plan change in view of the fact that no one asked for a plan change or introduced any evidence to support one.[1] We agree with the parties that the juvenile court plainly erred by changing the permanency plan in the absence of any evidence to support the plan change. *See Dept. of Human Services v. R. S.*, 270 Or App 522, 527, 348 P3d 1164 (2015) (explaining that the proponent of a plan change bears the burden of demonstrating that a plan change is warranted under ORS 419B.476(2)(a)).

Reversed and remanded.

---

[1] Although the permanency judgment states that the court based its decision on "[t]he exhibits admitted by the court," the "DHS court report and supplemental attachments," and "[t]he testimony of the witness(es) at the hearing," the court admitted no evidence and heard no testimony at the permanency hearing.